811 F.2d 1506
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Carmen A. PETRUZZI, Appellant.
 No. 86-5108.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 12, 1986.
Decided Jan. 30, 1987.
 
 1
 Before HALL and WILKINSON, Circuit Judges, and HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 
 
 2
 Michael Morchower (Morchower, Luxton & Whaley on brief) for appellant.
 
 
 3
 Robert William Jaspen (Henry E. Hudson, United States Attorney, James Randolph Spencer, Assistant United States Attorney, Todd Holliday, Student Assistant to the United States Attorney on brief) for appellee.
 
 HENDERSON, District Judge:
 
 4
 Carmen A. Petruzzi appeals his convictions for mail fraud in violation of 18 U.S.C. Sec. 1341 and for false statements on an invoice presented to a federal agency in violation of 18 U.S.C. Sec. 1001. He challenges the sufficiency of the evidence that he made the false statements knowingly and willfully as required by 18 U.S.C. Sec. 1001. Because we conclude there is sufficient evidence to support the jury verdict, we affirm.
 
 
 5
 The defendant, doing business as Durand Equipment Company, successfully bid by mail for contracts to supply electrical contact brushes to Defense General Supply Center ("DGSC"), an installation operated by the Defense Logistics Agency, an agency of the United States. The DGSC contracts specified the brushes supplied were to be the original equipment manufacturer's ("OEM") parts.
 
 
 6
 In January 1983, Marie Gates, a contract specialist for DGSC, told the defendant of complaints from the Navy regarding the authenticity of the contact brushes he had supplied, that is, whether they were in fact OEM parts. Gates testified she met with the defendant and Paul Kling, an agent for Superior Carbon Company ("Superior Carbon"), in June 1983, at which time the defendant and Kling represented the parts in question were authentic. It is undisputed, however, that all brushes supplied by the defendant were replacement parts manufactured by Superior Carbon, which was not the original equipment manufacturer.
 
 
 7
 The defendant contends that he relied on Kling's misrepresentations as to the authenticity of the brushes and therefore his own misrepresentations to DGSC were not knowingly or willfully made. There is, however, ample evidence to the contrary. The defendant and Kling had established their dealings in 1982. The defendant from time to time ordered small quantities of OEM parts and sent them as samples to Kling, who ran tests to determine the cost of producing equivalent aftermarket or replacement parts. Although Superior Carbon produced OEM parts as a subcontractor, Kling testified he never represented to the defendant the parts furnished during the time in question were OEM parts.
 
 
 8
 On learning of the Navy's complaints from Gates, the defendant offered to supply her with a General Electric (OEM) certificate. The defendant then ordered two brushes from Katzenstein Company, a legitimate distributor of General Electric brushes, and received a General Electric certificate. He forwarded the certificate to Gates after changing it to reflect an order of 2,000 brushes. Ultimately, when questioned by Gates about the quantity, the defendant withdrew the certificate, claiming it had been sent by mistake.
 
 
 9
 It is easily inferable from this episode and from the course of dealings between the defendant and Superior Carbon that the defendant knew that he was supplying DGSC with replacement parts. A jury verdict will be affirmed if there is sufficient evidence, viewed in the light most favorable to the Government, from which a rational jury could have found guilt beyond reasonable doubt. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); United States v. Lawson, 682 F.2d 480, 482 n. 5 (4th Cir.), cert. denied, 459 U.S. 991, 103 S.Ct. 348, 74 L.Ed.2d 387 (1982). Based on our review of the record, we find there was sufficient evidence to support the jury's verdict. The conviction of the defendant is
 
 
 10
 AFFIRMED.